**William A. PEARSON, Appellant,**

v.

**Robert W. HEISER and Sandra Stamper, Appellees.**

**Nos. 22399, 22399A.**

United States Court of Appeals
Ninth Circuit.

May 21, 1969.

John C. McHose (argued) and David Brice Toy, of Lillick, McHose, Wheat, Adams & Charles, Los Angeles, Cal., for appellant.

Winchester Cooley, III, (argued) of McCutchen, Black, Verleger & Shea, Los Angeles, Cal., for Heiser.

Newton Kalman (argued) of Caidin, Bloomgarden & Kalman, Beverly Hills, Cal., for Stamper.

Before BROWNING, ELY and CARTER, Circuit Judges.

PER CURIAM:

The trial court had before it petitions for exoneration or limitation of liability by Pearson and Heiser, owners of motor boats, pursuant to 46 U.S.C. § 185. On conflicting evidence the court found Pearson and Heiser were each negligent and that the collision leading to this action was proximately caused by the mutual fault of the two owners.

The court also found on conflicting evidence that Pearson's fault was not a minor one and the court refused to apply the major-minor fault admiralty rule.

We cannot say the district court was clearly wrong in its factual determinations; and if they are valid there are no legal questions presented. We affirm.

We have been invited to view two short motion pictures, one made by a naval architect, an expert witness for Pearson, and the other made by a marine surveyor, an expert witness for Heiser. Each depicts a speed boat run made under generally similar but not identical conditions. Each expert identified his picture and testified at length as to what he claims was depicted and as to his conclusions. Each was cross examined.

There was testimony of supporting experts on both sides.

It is conceded that the testimony is in conflict, particularly on the question of the degree of inclination achieved by the Heiser motor boat and the effect of the inclination on the visability of Heiser's running lights. Testimony on behalf of Pearson was that the degree of inclination received by the Heiser boat was as much as 8.5° from the horizontal, and thus screened Heiser's running lights. Testimony on behalf of Heiser was that the maximum inclination of Heiser's lights were not obscured.

Obviously viewing the films would only add to our view of the conflict in the evidence.

The judgment is affirmed.